UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

-FILED-
JUL 09 2025
At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

TORRIAUN R. EVERETT )
)
)
)
vs. )   CASE NO. 1:25CV376
)
)
INDIANA DEPARTMENT OF )
CORRECTION, et al. )
)

## PRISONER COMPLAINT

Pursuant to **42 U.S.C. § 1983**, the Plaintiff, Torriaun R. Everett, Offender Number 304489, *Pro Se,* states the following:

1. The Plaintiff resides at Chain O'Lakes Re-Entry Center (COLRC), a Penal Institution, located at 3516 East 75 South, Albion, Indiana, 46701.

2. The Plaintiff does not have a phone number.

3. The Plaintiff will not accept any electronic notification(s).

4. All Facts and Claims occurred at COLRC after conviction while serving a sentence.

5. Plaintiff has not sued anyone for this exact same event.

### DEFENDANTS

Plaintiff is suing **5** Defendants:

1. Indiana Department of Correction (IDOC), 302 West Washington St., Ste. E334, Indianapolis, Indiana, 46204.

2. Lloyd Arnold, IDOC Commissioner, 302 West Washington St., Ste. E334, Indianapolis, Indiana, 46204.

3. Charles Bowen, Warden, COLRC, 3516 East 75 South, Albion, Indiana, 46701.

4. Rhonda Thomas – Hardy, Deputy Warden, COLRC, 3516 East 75 South, Albion, Indiana, 46701.

5. ____ Smith, Lieutenant, COLRC, 3516 East 75 South, Albion, Indiana, 46701.

**Plaintiff reserves the right to add additional Defendants during discovery.**

## GRIEVANCE PROCESS EXHAUSTION

IDOC has a grievance process in place, however, the administrative process is unavailable to the Plaintiff. The COLRC application of the grievance process does not allow for an objective review and investigation of a grievance. When the Plaintiff attempted to utilize the grievance process on two separate occasions, the Deputy Warden (both a prison administrator as well as the Facility Grievance Specialist) has interfered by chastising, yelling at, physical demonstrations of intimidation, berating, and threatening. Therefore, the exhaustion of the grievance process is not required when a prison administrator threatens individual inmates so as to prevent the use of the proper procedure. Interference with the inmate's pursuit of relief renders the administrative process unavailable.

## CAUSE(S) OF ACTION AND SUPPORTING FACTS

1. **Americans with Disability Act and Rehabilitation Violations**

The IDOC, as an entity is a recipient of federal dollars, and Lloyd Arnold as the Commissioner in his official capacity, has a requirement to ensure its policies and practices comply with federal laws. The IDOC as an entity failed to ensure adequate Heat Exhaustion procedures are in place as well as policies to consider mentally and physically disabled inmates as required under the Americans with Disabilities Act and Rehabilitation Amendment. Specifically, during the intense heat advisory the affected the COLRC location beginning on or about June 23, 2025, no procedures were implemented to allow for cool showers, any

medical/physical screenings or accommodations for those with disabilities, and failed to provide relief to ensure residents with disabilities were not more disadvantaged than inmates without disabilities. Heat exhaustion further exacerbates the Plaintiff's disabilities of anxiety, depression, and respiratory condition. All disabilities which are known to the IDOC and documented in records. Therefore, the Plaintiff was more disadvantaged than other inmates as he could not regulate the excessive heat which impaired his ability to complete routine grooming as well as impacted his ability to sleep and rest.

2. **Offender Grievance Process**

Bowen, has a responsibility to ensure the offender grievance process is effective and objective. Due to the offender grievance process having a prison administrator, the Deputy Warden, as the Facility Grievance Specialist, intimidation has been allowed and there has been an under reporting, investigation, and handling of grievances both specifically for the Plaintiff as well as other inmates. In June 2025, the Deputy Warden refused to address a property confiscation grievance form that was submitted regarding the confiscation of work boots and gloves to be used in the community garden. The Deputy Warden then acted in the same manner when another property confiscation grievance was submitted on June 27, 2025. Both of these instances demonstrate the lack of a grievance process that is free from reprisal.

3. **Offender Grievance Intimidation and Retaliation**

Hardy, has conducted the following violations:

3a. Hardy returned a grievance form to the Plaintiff that the Plaintiff completed according to IDOC policy, without a resolution regarding the confiscation of work boots and gloves to be used in the community garden. Hardy stated "the Lieutenant handles property, not me." Plaintiff advised being aware, however, when property is confiscated, after informal

resolution is attempted with the Lieutenant, the filing a grievance is the appropriate procedure as outlined in the IDOC policy. Hardy spoke to the Lieutenant and a compromise was reached for COLRC to provide existing boots and gloves that are property of COLRC. However, as a formal grievance was submitted regarding the confiscation, per policy and the law, Hardy should have replied to the grievance and not returned the form since the completed form met all requirements.

3b. Plaintiff submitted a property confiscation grievance on June 27, 2025 related to not being given a cooling towel that was sent in for him advising the towel is not allowed although towels are listed on the offender property list as allowable as well as despite the Plaintiff being provided other property sent in to him on the same day. Hardy confronted the Plaintiff in the Dining Hall, in front of other inmates, on June 30, 2025, regarding the property confiscation grievance that was submitted on June 27, 2025. Hardy said "I can't do everything, the Lieutenant handles property, not me." Plaintiff began attempting to discuss the matter with Hardy when her attention was directed to another inmate regarding a disciplinary issue. At approximately 3:00 p.m., Hardy, Lieutenant Smith and Administrative Sergeant Taylor had an impromptu meeting with select inmates in the Dining Hall regarding property confiscation matters and procedures; most information discussed is not outlined in the COLRC Resident Handbook which inmates are instructed to reference. Following the meeting, the Plaintiff attempted to continue the discussion Hardy regarding the grievance submitted on June 27, 2025. Hardy then reiterated to the Plaintiff the Lieutenant/Custody handles property, not her. The Plaintiff acknowledged understanding, however, as identified on the confiscation form, if there is a challenge to property confiscation, IDOC policy requires the use of the offender grievance process. Hardy then stated: "the Lieutenant said no so, no you're not getting it, you're not getting it, you're not getting it" while clapping her hands in an aggressive and threatening manner in the

Plaintiff's face and elevated tone; all of which occurred in the lobby foyer where cameras are present as well as in front of other inmates. The Plaintiff advised Hardy that he is attempting to follow the proper process. Hardy then stated "your problem is, you don't know when to stop" and then began to walk away from the Plaintiff. Plaintiff, again, asked Hardy if she will process the grievance, however, Hardy continued to walk away. On or about July 1, 2025, Hardy was overheard telling Warden Bowen about the June 30, 2025 incident, making disparaging comments about the Plaintiff, and stating that she had to put the Plaintiff in his place to know how things work around here before he "ends up out of here".

Based on Hardy's behavior on both June 30, 2025 and July 1, 2025, the administrative grievance process is unavailable to the Plaintiff to complete. Hardy used both threatening and intimidating tactics towards the Plaintiff which are violations of his rights. Further, Hardy demonstrated deliberate indifference in not allowing the Plaintiff to obtain the cooling towel which is an allowed property item, and contributing the Plaintiff's suffering from heat exhaustion as well as intentionally denied the Plaintiff access to the offender grievance process. Hardy focused on the Lieutenant saying no on June 27th and did not objectively assess the grievance and conduct an investigation, which again, further contributed to the Plaintiff's suffering.

3c. Prior to the grievance submitted on June 27th, Hardy and the Plaintiff discussed an upcoming position opening on the Administration Sanitation team, which the Plaintiff is qualified for and exceeds the performance requirements in his current job. Hardy further retaliated against the Plaintiff for utilizing the offender grievance process by transferring another inmate to the Administration Sanitation role on July 1, 2025 instead of the Plaintiff. The other inmate had no interest in the role and specifically mentioned that he was sought out for the role. The other inmate and the Plaintiff both worked in the kitchen together where the inmate

was not viewed as a team player as well as had poor attendance. Again, this action by Hardy lends to intentional retaliation toward the Plaintiff by placing an underperforming inmate in another job over the Plaintiff that requested a job change weeks prior.

4. **Lack of Equal Treatment/Cruel and Unusual Punishment**

   Lieutenant Smith, conducted the following violations:

   4a. Smith errored in not allowing the cooling towel to be provided to the Plaintiff. Towels are permitted property that may be possessed by inmates. Plaintiff demonstrated to Smith that other inmates have cooling towels, however, he continued to deny access to the cooling towel. The Plaintiff expressed the need for the towel is to assist with cooling down given the extreme heat and humidity within the dorms and to prevent further heat exhaustion. Smith maintained his position of denial which contributes to cruel and unusual punishment given the suffering that was occurring from the extreme heat. The IDOC Heat Exhaustion posters even address the need to use a cool towel when experiencing heat exhaustion. Due to Smith's denials, the Plaintiff also missed multiple meals and recreational activities due to a loss in appetite, energy, and strength from heat exhaustion.

## RELIEF

Plaintiff seeks the following relief:

1. Injunctive relief to require the IDOC to develop and implement a comprehensive Heat Exhaustion Prevention plan within a reasonable timeframe.

2. Injunctive relief to require the IDOC to develop and implement a comprehensive ADA and Rehabilitation educational training within a reasonable timeframe.

3. As there are only two Re-Entry Centers within IDOC and they are both under Warden Bowen's leadership; Plaintiff seeks injunctive relief to transition Plaintiff from COLRC to IDOC Home Detention for the remainder of the time he would serve at COLRC (outdate projected to be on or about December 22, 2025).
   a. This is to protect the Plaintiff from further aggressive, retaliatory, and threating behavior following this complaint.

b. This transition would also allow the Plaintiff to further prepare for this case litigation as well as for depositions without interference from the Defendants.

4. Compensation in the amount of $125,000.00 and $125,000.00 in punitive damages from the IDOC.

5. Compensation and punitive damages personally from:
    a. Warden Bowen in the amount of $50,000.00 compensation and $25,000.00 punitive damages.
    b. Deputy Warden Hardy in the amount of $75,000.00 compensation and $50,000.00 punitive damages.
    c. Lieutenant Smith in the amount of $5,000.00 compensation and $2,500.00 punitive damages.

6. Injunctive relief to limit Defendants discussion of this complaint to only discuss as necessary in an effort to prevent retaliation from other IDOC staff toward the Plaintiff.

## FILING FEE

Plaintiff will pay the filing fee, in full, to the U. S. District Court Clerk separately from this filing.

WHEREFORE Plaintiff, in person and without counsel, prays the Court will grant the Plaintiff's claim under 42 U.S.C. § 1983 to proceed.

## VERIFICATION

COMES NOW the undersigned and first being duly sworn does now affirm, under the pains and penalties of perjury, that the foregoing is made of personal knowledge, accurate, and true to the best of the undersigned's knowledge, belief, and understanding.

Respectfully Submitted,

_[signature]_      7/6/2025
Torriaun R. Everett, *Pro Se*      Date
IDOC#: 304489
Chain O'Lakes Re-Entry Center
3516 East 75 South
Albion, Indiana 46701

Cause of Action Additional Information

3b. To provide the Court with additional information related to section 3b. of the complaints Exhibit 1 is a copy of the form that refers the Plaintiff to the "Offender Grievance Process".

Exhibit 2 shows the Grievance form that was submitted and specifically documented LT. Smith was already involved in reviewing the matter. The LT. response when verbally discussed was not supported by any ~~policy~~ policy nor documentation in the handbook inmates are advised to follow.

In addition, both Smith and Hardy acted with deliberate indifference by responding to the grievance on July 3, 2025 which is a violation of the grievance process since they were both already involved, again making the administrative grievance process Unavailable to the Plaintiff.

pg. 8 of 13

Exhibit 3 is supporting documentation to reflect Hardy logged the grievance under Case #25-219527 and advised Plaintiff the issue is not grievable and denied the Plaintiff further access to the offender grievance process including denial of the right to appeal.

The exhibits included with the filing of this complaint further supports both Smith and Hardy, both prison administrators, have engaged in the violation of the Plaintiff's rights as well as actions have made it impossible for the Plaintiff to exhaust the administrative offender grievance process. The grievance process as in place at the COLRC that is intended to comply with the IDOC Offender Grievance policy as well as constitutional rights of the Plaintiff is flawed and opens the door for intimidation, retaliation, and threats as experienced

by the Plaintiff.

Further, the IDOC policies, COLRC policies, nor Resident Handbook (revised 3/20/2024) available to the Plaintiff supports the response from Smith nor Hardy.

~~Again~~

The contention of the Plaintiff is that Smith and Hardy are "making up rules" as they go along that are not documented as well as are not supported by documents available to the Plaintiff. In addition, the Plaintiff attempted to follow the Offender Grievance Process and policy, ~~however~~ however, prison administration has made that impossible.

The Plaintiff thanks the court for its time in reviewing this matter and the constitutional rights violations, of COLRC and the IDOC.

Pg. 10 of 13

# NOTICE OF CONFISCATED PROPERTY
State Form 36030 (R3/7-99)

STATE OF INDIANA
DEPARTMENT OF CORRECTION

Date (*month, day, year*): 6-27-2025

| Name of Offender: | DOC Number: | Housing Unit: |
|---|---|---|
| Everett, Jamarian | 304489 | North |

On the above date, the property described below was confiscated.

**Description of property:**

Cooling towels - Blue, Black, Green, pink

Boker and Cord

**Reason for confiscation:**

Not allowed

Grievance submitted 6/27/25

| Signature of Confiscating Officer: | Shift: I | Property forwarded to: Property room |
|---|---|---|
| Signature of Offender: Jamarian Everett | DOC Number: 304489 | Property referred: |
| Signature of Property Room (*if applicable*): | | Date received in property room: |

cc: Offender
    Housing Unit
    Property Room

The confiscation of personal property may be challenged in accordance with Department of Correction Policy 00-02-301, "The Offender Grievance Process".

Exhibit 2

Gave to [illegible] 6/30/25
[illegible notation]

# OFFENDER GRIEVANCE
State Form 45471 (R5 / 3-20)
DEPARTMENT OF CORRECTION

RECEIVED JUN 30 2025 BY: ..................

**FOR OFFICIAL USE ONLY**
Grievance number: 05-219507

| | | |
|---|---|---|
| **To:** Facility Grievance Specialist | **Facility:** COL | **Date:** 6/27/25 |
| **From (name of offender):** Torriaun Everett | **DOC number:** 30489 | **Signature of offender:** [signature] |
| **Housing assignment:** NIL | | **Date of incident:** 6/27/25 |

**Provide a brief, clear statement of your complaint or concern.** Include any information that may assist staff in responding to your grievance. (NOTE: A Single ONE-sided sheet of paper may be attached if necessary to explain your grievance.)

Challenging the confiscation of cooling towels. This was discussed with both officer Allen and LT. Smith. The confiscation reason listed was "not allowed" however towels are allowed per the property list as well as cooling towels are sold on commissary but have been out of stock for months. Residents have been allowed to have items sent in that are available on commissary. Due to the heat in the dorms and the IDOC Heat Stroke prevention poster that explicitly states to apply a cool towel to reduce heat exhaustion, I believe this confiscation is not appropriate and impacts my health and safety.

**State the relief that you are seeking.**

To receive the cooling towel in accordance with the IDOC Heat Stroke prevention tips posters posted in the dorms. and all other appropriate relief.

COOLING TOWELS ARE A "COMMISSARY ONLY" ITEM THAT MAY ONLY BE PURCHASED FROM COMMISSARY. ANY EXCEPTIONS TO THIS MUST FIRST BE APPROVED BY THE FACILITY BEFORE YOU HAVE ITEM SENT IN ON YOUR OWN.
— LT. SMITH

**Signature of Facility Grievance Specialist:** [signature] E. Thomas tdg

**Date:** 7/03/25

DISTRIBUTION: Original – Grievance Specialist; Copy – Offender; Copy – Offender Packet; Copy – IRIS

Pg. 12 of 13

Return or Receipt of Grievance
Offender Name: TORRIAUN EVERETT
Facility: CO USDC IN/ND case 1:25-cv-00376-DRL-SJF    document 1    filed 07/09/25    page 13 of 13
DOC#: 304489
Case #: 25-219527

Exhibit 3



# Return or Receipt of Grievance

**Offender Name:** TORRIAUN EVERETT

**DOC#:** 304489

**Facility:** Chain Olakes Correctional Facility

**Bldg/Bed:** C-N

## Case #:25-219527

## Stage 1 Complaint

**Type:** Return or Receipt of Grievance

**Date Received:** 07/03/2025 02:48 PM

**Response Author:** Rhonda Thomas-Hardy

**Responded On:** 07/03/2025 02:54:09 PM

**Decision:** Stage 1 Response

## Case Details

**Case Number:** 25-219527

**Grievance Status:** Open

## Case Data

**Unit of Complaint:** Chain Olakes Correctional Facility

**Opened Date:** 07/03/2025 02:48 PM

**Grievance Stage:** Stage 1 Submitted

**Grievance Category:** Administrative

## Stage 1 Grievance Response

**Grievance Date:** 06/30/2025 12:00:00 AM

**Response Due:** 07/24/2025 02:48 PM

**Issue:** Unauthorized Property

**Responder:** Rhonda Thomas-Hardy

**Response:** Cooling towels are a commissary only purchase item. The facility must first approve any exceptions to this before you send items in on your own without authorization. This is not a grievable issue therefore, it is denied.

⌐Unprocessed

**Officer's Name:** Thomas-Hardy, Rhonda NMI

**Notice:** If the notice refers to return, then the offender has five (5) workdays from receipt of the above response to resubmit their corrected grievance. If the notice refers to receipt of an accepted grievance the offender will receive a response within fifteen (15) workdays.