UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TORRIAUN R. EVERETT, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPARTMENT OF CORRECTION, LLOYD ARNOLD, CHARLES BOWEN, RHONDA THOMAS-HARDY, SMITH, <br><br> Defendants. | CAUSE NO. 1:25-CV-376 DRL-SJF |

OPINION AND ORDER

Torriaun R. Everett, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Everett's complaint centers on events that occurred at the Chain O'Lakes Re-Entry Center during a heat wave at the end of June 2025. He complains that the facility did not have an adequate heat exhaustion procedure in place, such as providing for cool showers or medical screenings of vulnerable inmates. He further complains that facility staff confiscated the cooling towel he was using to alleviate the effects of the heat. The

grievances attached to the complaint explain that the towel was confiscated because it was not purchased through commissary. He was told, "Cooling towels are a 'commissary only' item that may only be purchased form commissary. Any exception to this must first be approved by the facility before you have item sent in on your own." ECF 1 at 12. Mr. Everett responds that commissary was sold out of cooling towels at the time.

Mr. Everett alleges he has anxiety, depression, and a respiratory condition, all of which are exacerbated by the heat. He alleges he could not regulate the excessive heat, and this impaired his ability to complete routine grooming and impacted his ability to sleep. The heat also caused a loss of appetite, which led him to miss multiple meals and recreational activities.

Mr. Everett first raises a claim under the Americans with Disabilities Act (ADA), 42 U.S.C §§ 12131–12134. He alleges that Chain O'Lakes' failure to have an adequate heat exhaustion policy in place disadvantaged inmates with disabilities more than inmate without disabilities. His claim seems to be that the facility did not provide him with a reasonable accommodation for his disability in the form of a cooling towel, and this prevented him from taking full advantage of meals and other recreational activities.

Title II of the ADA provides that qualified individuals with disabilities may not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Prisons and correctional facilities are public entities within the purview of Title II. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). "Disability" in this context means: "(1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record

2

of such an impairment; or (3) being regarded as having such an impairment." *Steffen v. Donahoe*, 680 F.3d 738, 743 (7th Cir. 2012) (citation and internal alteration omitted).

Mr. Evertt does not state a claim under the ADA because he has not plausibly alleged that he is a person with a disability as the ADA defines it. He says he has anxiety, depression, and unspecified respiratory problems. But there are no allegations that these conditions substantially limit a major life activity. The regulations explain that:

> Major life activities include, but are not limited to:
>
> (i) Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and
>
> (ii) The operation of a major bodily function, including functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions. . . .

29 C.F.R. § 1630.2(i)(1). Mr. Everett does not say what his respiratory problems are or whether they are severe enough to constitute a disability as defined by the ADA. Depression and anxiety can be covered disabilities under the ADA if those conditions substantially limit the plaintiff's ability to perform a major life activity. *See Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1061 (7th Cir. 2000). But "[a] plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). Mr. Everett's complaint is too vague about the details of his alleged disability to allow a claim to proceed under the ADA.

The court next considers whether Mr. Everett states a claim for cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (when inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

4

In looking specifically at temperatures affecting inmates, "[t]o determine whether extreme heat or cold amount to a serious constitutional deprivation, courts look to various factors, including the severity of the cold or heat, its duration, whether the prisoner has alternative means to protect himself, and whether the prisoner must endure other uncomfortable or harsh conditions." *White v. Monahan*, No. 07 C 437, 2013 WL 587511, 9 (N.D. Ill. Feb. 14, 2013) (quotation marks omitted); *see also Rogers v. Scott*, 695 F. Appx. 155, 158 (7th Cir. 2017). Here, the complaint lacks details that allows the court to infer that the conditions meet the objective prong of an Eighth Amendment violation. Mr. Everett does not say how long the heat wave lasted, whether he was exposed to other harsh conditions, what alternatives he had to keep cool, whether he had freedom of movement or was confined to a cell all day, and whether he was forced to do other activities in the heat. Mr. Everett complains only that he was not allowed to keep his cooling towel. This one act, divorced from the full context of the situation, does not state an Eighth Amendment violation.

Next, Mr. Everett sues Warden Charles Bowen and Deputy Warden Rhonda Thomas for improperly handling grievances. He has no constitutional right to access the grievance process, so the alleged mishandling of the grievance process does not state a claim. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

Mr. Everett also complains that Deputy Warden Hardy violated his rights by using threating and intimidating tactics towards him. Specifically, he points to an interaction

they had when he asked her about the grievance he filed about his cooling towel. She told him that because the lieutenant said no, he was not going to get it while "clapping her hands in an aggressive and threatening manner in the Plaintiff's face and elevated tone." ECF 1 at 4-5. The Constitution is not a civility code that requires prison staff to use "genteel language and good manners." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). Thus, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). This interaction does not rise to the level of a constitutional violation.

Finally, Mr. Everett alleges that Deputy Warden Hardy did not hire him for an opening on the administration sanitation team in retaliation for the grievances he filed. He alleges he is qualified for the job and was exceeding the performance requirements of his current job. The inmate she hired instead, he alleges, was not as qualified as he was and did not even apply for the role.

To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotations and citation omitted). The second prong applies an objective standard, inquiring whether the alleged deprivation would likely deter "a person of ordinary firmness" from continuing to engage in protected activity. *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). "Furthermore, the harsh realities of a prison environment affect [the court's]

consideration of what actions are sufficiently adverse. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Holleman v. Zatecky*, 951 F.3d 873, 880–81 (7th Cir. 2020) (quotations omitted).

Here, Mr. Everett has not plausibly alleged that being passed over for the Administration Sanitation position constituted an adverse act in the prison context. A prisoner must provide "more than subjective discontent with his assigned job" for job assignments to be considered an adverse act. *Douglas v. Reeves*, 964 F.3d 643, 648 (7th Cir. 2020). Instead, he must "show a more concrete difference between the positions, whether in pay, working conditions, or side benefits." *Id.* Mr. Everett does not say what his current job is or explain how the administration sanitation position was different or better than his current job.

This complaint does not state a claim for which relief can be granted. If Mr. Everett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He needs to

explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages.

For these reasons, the court:

(1) GRANTS Torriaun R. Everett until **November 12, 2025** to file an amended complaint; and

(2) CAUTIONS Torriaun R. Everett if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 14, 2025                                                       *s/ Damon R. Leichty*
                                                                                    Judge, United States District Court